NO. 07-00-0148-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 8, 2001

_________________________________

JUAN RAMIREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

__________________________________

FROM THE 337
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 800647; HONORABLE DONALD STRICKLIN, PRESIDING

___________________________________

Before QUINN, REAVIS and JOHNSON, JJ.

On January 11, 2000, Juan Ramirez (appellant) plead guilty to the offense of possession of cocaine with intent to deliver in the amount of at least 400 grams.   He elected to have the jury assess punishment and was sentenced to 37 years imprisonment and fined $22,500.  Thereafter, he perfected this appeal.

Appellant’s counsel filed an 
Anders
 brief and a motion to withdraw.  In the brief, counsel certified that he diligently reviewed the entire appellate record and concluded that no reversible error exists.  
Anders v. California, 
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  So too did he address each stage of the proceeding and explain why he so concluded, as per 
High v. State, 
573 S.W.2d 807, 813 (Tex. Crim. App. 1978).    

Additionally, appellant was served a copy of the 
Anders
 brief by his counsel and informed appellant, by letter, of his right to review the appellate record and file a 
pro se
 response or brief.  This court also notified appellant, by letter dated February 12, 2001, that any brief or response he wished to file needed to be tendered to the court by February 26, 2001.  To date, no such brief or response has been filed by appellant. Next, we have conducted an independent examination of the entire record to determine the accuracy of counsel’s representations and the presence of arguable grounds supporting reversal.  
See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Our research uncovered no such grounds.  So, we too conclude that the appeal is frivolous.  
Currie v. State, 
516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, counsel’s motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Brian Quinn 

   Justice

Do not publish.  ecessary to make appropriate findings and recommendations concerning the following:  

1.   Whether Appellant desires to prosecute this appeal.

Why Appellant’s counsel, Cynthia J. Barela, has failed to file a brief.

3. Whether Appellant has been denied effective assistance of counsel.

Whether Appellant’s counsel, Cynthia J. Barela, should be removed.

Whether Appellant is indigent and entitled to court-appointed counsel.

Should the trial court determine that Appellant does want to continue the appeal, that present counsel should be removed, and that Appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent Appellant in this appeal.  If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel. 

The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, 
 to be included in a supplemental clerk's record.  
 Furthermore, the trial court shall cause a supplemental reporter’s record of any proceedings to be prepared.   The supplemental clerk’s record and supplemental reporter’s record, if any, shall be filed with the Clerk of this Court on or before April 16, 2007.

It is so ordered.

Per Curiam

Do not publish.